IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTIE MADISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-968-RAH-JTA |
| | ) | |
| MONTGOMERY COMMUNITY ACTION AGENCY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, the plaintiff, Mattie Madison ("Madison"), proceeding *pro se*, alleges she was subjected to employment discrimination while employed with the Montgomery Community Action Agency ("MCAA"). (Doc. No. 1.) This action was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 4.)

By Order dated April 6, 2021, this court directed Madison to show cause in writing why the MCAA's motion to dismiss, or in the alternative, motion for more definite statement should not be granted by April 26, 2021. (*See* Docs. No. 21, 22.) Madison responded by filing for an extension "of all proceedings." (Doc. No. 24.) The court granted the extension to June 4, 2021 and reminded Madison that failure to comply with the Order would be viewed as an indication that she does not oppose the MCAA's motion. (Doc. No. 25.)

Madison did not comply with the court's Order. On August 9, 2021, the court ordered plaintiff to show cause by August 20, 2021 as to why her case should not be dismissed due to her failure to prosecute this action and comply with this court's orders. (Doc. No. 26.) In said Order, Madison was cautioned that her failure to show cause would result in a Recommendation by the undersigned that this case be dismissed. (*Id*.)

To date, Madison has failed to respond to the court's order of August 9, 2021. Because of Madison's failure to comply with the court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the undersigned that this case be DISMISSED without prejudice for Madison's failure to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that **on or before November 10, 2021**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects.  Plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of October, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE